**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 26, 2014[*]
Decided December 2, 2014

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-1529

| | |
|---|---|
| CHONGYAN GONG, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A89-712-825 |
| | |
| ERIC H. HOLDER, JR., | |
| Attorney General of the United States | |
| *Respondent*. | |

**O R D E R**

Chongyan Gong, a Chinese citizen, petitions for review of an order upholding the denial of his application for asylum, withholding of removal, and protection under the Convention against Torture. Gong sought asylum and withholding based on past persecution on account of his religious activities, but the Board of Immigration Appeals

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

agreed with the finding of the Immigration Judge that Gong was not credible. We dismiss in part and deny in part Gong's petition.

Gong arrived in the United States in 2005 on a business visa and overstayed. Five years later law enforcement found him working at a Chinese restaurant in Brainerd, Minnesota. The Department of Homeland Security charged him with removability, and he requested asylum and withholding of removal, asserting persecution based on his practice of Christianity in China (Shandong province). In his application Gong wrote that police disrupted a gathering of church members in May 2001, arrested the participants, and detained them for 7 days. On Christmas that year, the police disrupted another gathering. Gong stated that he orally protested and then was assaulted, even losing one of his teeth when he was punched in the face by an officer. More officers joined and beat Gong with "electric batons" and kicked him until he lost consciousness. He woke up at the police station handcuffed to a staircase railing and was given a substantial fine.

At his removal hearing before the IJ, Gong testified in greater detail about his encounters with the Chinese police. During the Christmas 2001 incident, he elaborated, the police used an "electric baton" to beat to death a church member's dog. They also smashed a television that was showing a pastor preaching Christianity. Gong added that he was knocked out after being hit in the back of the head, awakening to find himself handcuffed at the place of the gathering. He later was taken for medical attention to the county hospital, where he was diagnosed with a concussion and kept for two weeks. During his hospitalization, he testified, two police officers stopped by and offered to pardon him if he denied that he had been intentionally harmed. Gong accepted the offer but was again given a substantial fine, which his family paid.

The IJ denied relief on each requested ground and ordered Gong removed. Regarding Gong's request for asylum, the IJ determined that he failed to file it within the 1-year deadline. *See* 8 U.S.C. § 1158(a)(2)(B). Regarding his request for withholding of removal, the IJ found his testimony "incredible," largely because of major unexplained inconsistencies between his oral testimony and the information provided in his written application (e.g., discrepancies involving his wife's whereabouts, the circumstances that occurred on Christmas 2001—particularly his additional testimony at the hearing that the police beat a dog to death and smashed his television—and the "glaring incongruit[y]" in his testimony about the site where he regained consciousness on the night of the Christmas beating). The IJ also found that Gong failed to submit any evidence to corroborate his testimony, or to explain sufficiently why he could not

reasonably have provided further corroboration of the details central to his claim. The BIA upheld the IJ's decision.

In his petition Gong first argues that his asylum application should not have been barred by the 1-year filing deadline because changed circumstances—the deterioration of religious freedom in China—materially affected his asylum eligibility. But we lack jurisdiction to address Gong's argument that his untimeliness can be excused by changed or extraordinary circumstances—a factual inquiry that lies outside the realm of 8 U.S.C. § 1252(a)(2)(D), *see* 8 U.S.C. § 1158(a)(3); *Aimin Yang v. Holder,* 760 F.3d 660, 664–65 (7th Cir. 2014)—so we must dismiss that part of his petition.

Next Gong challenges the IJ's adverse credibility finding by maintaining that his accounts of police violence were sufficiently detailed. But the record does not compel the conclusion that Gong truthfully testified. *See Rama v. Holder,* 607 F.3d 461, 465 (7th Cir. 2010). Indeed, Gong could not explain the inconsistent testimony about his wife's whereabouts (at his hearing he testified that she had never been in the United States, yet in his written application he stated that she was with him here). Gong also offered different accounts (police station versus gathering) concerning where he regained consciousness after the Christmas day beating. And Gong completely omitted from his written application any details about the lengthy hospitalization that followed the beating, or any reference to the incidents involving the dog killing and the smashing of the television.

Lastly Gong challenges the IJ's determination that he reasonably could have collected corroborative evidence while fleeing China or while preparing for his removal hearing, given that any hospital or police records would be a decade old. But we review the determination that corroborating evidence was available under the substantial evidence standard, *see Tian v. Holder,* 745 F.3d 822, 828 (7th Cir. 2014); *Liu v. Holder,* 692 F.3d 848, 854 (7th Cir. 2012), and Gong testified that he did not even try to collect records, letters, or affidavits from church members or relatives who might have been able to corroborate his claims about his arrests, detentions, fines, and hospitalization.

Accordingly, we DISMISS Gong's petition as to his asylum claim and DENY his petition as to the remainder of his claims.